Sun v. Sessions

BIA
Balasquide, IJ
A078 858 610

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of May, two thousand seventeen.

PRESENT:
>       JON O. NEWMAN,
>       JOSÉ A. CABRANES,
>       CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

JIN YAN SUN,
>       *Petitioner,*

>       v.                                                  15-718
>                                                           NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:             Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:             Benjamin C. Mizer, Principal Deputy
                            Assistant Attorney General;
                            Michelle G. Latour, Deputy Director;
                            Victor M. Lawrence, Senior
                            Litigation Counsel, Office of
                            Immigration Litigation, United
                            States Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Yan Sun, a native and citizen of the People's Republic of China, seeks review of a February 19, 2015, decision of the BIA affirming a September 13, 2012, decision of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal. *In re Jin Yan Sun,* No. A078 858 610 (B.I.A. Feb. 19, 2015), *aff'g* No. A078 858 610 (Immig. Ct. N.Y. City Sept. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., we reach only the basis on which the BIA affirmed the IJ's decision—the adverse credibility ruling. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in the record evidence "without regard to whether" those

2

inconsistencies go "to the heart of the applicant's claim."
8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.
Substantial evidence supports the agency's determination that
Sun was not credible as to either her fear of persecution on
account of her conversion to Christianity or her fear of forced
sterilization under China's family planning policy.

The agency reasonably relied on inconsistencies among
Sun's testimony, asylum applications, and sworn statements to
immigration officials regarding whether Chinese officials
damaged her house and arrested her mother on account of her
mother's Falun Gong practice. *See Xiu Xia Lin*, 534 F.3d at
166-67; *see also Ming Zhang v. Holder*, 585 F.3d 715, 721-22 (2d
Cir. 2009). Significantly, in one of her applications, Sun
admitted that she had fabricated a Falun Gong claim on the advice
of a smuggler thereby demonstrating a willingness to lie to
authorities to secure immigration benefits. She later retracted
that assertion, but then pressed the claim again at her final
hearing, and stated that what she told immigration officials
in 2002 was the truth. She did not provide a compelling
explanation for these inconsistencies, nor provide a letter
from her mother reporting the mother's alleged Falun Gong

3

activities. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

In addition, Sun's evidence was inconsistent regarding whether Sun's mother was forcibly sterilized and where Sun would live if removed to China. *See Xiu Xia Lin*, 534 F.3d at 167-68. Having questioned Sun's credibility, the agency reasonably relied further on her failure to offer her husband's testimony either to resolve the inconsistencies or otherwise corroborate her claims. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Given Sun's inconsistent evidence, her admitted willingness to lie to immigration officials to secure immigration benefits, and her lack of corroboration, the agency reasonably found Sun not credible on both of her claims for relief, her conversion to Christianity and her violation of the family planning policy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. That finding is dispositive of asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

4

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk